**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **GLENNY DIFO,** | : | **MOTION TO VACATE** |
| **Movant,** | : | **28 U.S.C. § 2255** |
| | : | |
| **v.** | : | **CRIMINAL ACTION NO.** |
| | : | **1:14-CR-370-WSD-AJB** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| **Respondent.** | : | **1:17-CV-1845-WSD-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant, Glenny Difo, confined in the Florida Women's Reception Center in Ocala, Florida, has submitted a 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence in criminal action number 1:14-cr-370-WSD-AJB. [Doc. 25.][1] The matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely.

## I. Background

In an information filed on October 2, 2014, Movant was charged with conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C.

---

[1] Citations to the record in this Final Report and Recommendation refer to case number 1:14-cr-370-WSD-AJB.

AO 72A
(Rev.8/82)

§§ 841(a)(1), 841(b)(1)(C), and 846. [Doc. 1.] On that same date, Movant pleaded guilty. [Docs. 4, 4-1.] On December 17, 2014, the District Court sentenced Movant to eighty-seven months of imprisonment, followed by three years of supervised release. [Doc. 10.] The United States Court of Appeals for the Eleventh Circuit affirmed on September 10, 2015. [Doc. 23.] Movant did not seek certiorari in the United States Supreme Court. [Doc. 25 at 2.]

Movant executed her § 2255 motion on May 10, 2017, and delivered it to prison authorities for mailing on May 11, 2017. [*Id.* at 12.] Movant claims that a change in the law has reduced the amount of her sentence that she is required to serve, from 85 percent to 65 percent. [*Id.* at 4, 11-12.]

## II. Discussion

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's conviction became final; (2) a Government impediment to making the § 2255 motion was removed; (3) a right



AO 72A
(Rev.8/82)

that Movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting her claim. *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), Movant had ninety days in which to seek certiorari in the Supreme Court after the Eleventh Circuit affirmed on September 10, 2015. *See* Sup. Ct. R. 13.1. Because Movant did not seek certiorari, her conviction became final on December 9, 2015. *See Clay v. United States*, 537 U.S. 522, 525 (2003). The one-year statute of limitations expired on December 9, 2016.[2] Movant delivered her § 2255 motion to prison authorities for mailing approximately five months late, on May 11, 2017.[3]

Movant claims that a change in the law has reduced the amount of her sentence that she is required to serve, from 85 percent to 65 percent. However, Movant is

---

[2] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

[3] "[A] prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).



AO 72A
(Rev.8/82)

incorrect because no such change has been made. *See* 18 U.S.C. § 3624(b)(1) (providing for maximum of fifty-four days of credit each year, thus decreasing term of imprisonment by approximately 15 percent). Movant has not presented any other arguments to (1) suggest the applicability of the circumstances set forth in § 2255(f)(2)-(4), (2) justify equitable tolling,[4] or (3) demonstrate actual innocence.[5] Therefore, the District Court should dismiss the § 2255 motion as untimely.[6]

---

[4] "Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

[5] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support [her] allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted [her] in the light of the new evidence." *Id.* at 327.

[6] The opportunity to object to this Final Report and Recommendation provides Movant with a fair opportunity to present any matter that requires a different disposition of the matter. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (holding that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"); *Taylor v. United States*, 518 Fed. Appx. 348, 349 (6th Cir. Mar. 22, 2013) ("The district court properly denied Taylor's section 2255 motion on timeliness grounds because the court may *sua sponte* dismiss a motion as barred by the applicable

## III. Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [§ 2255 motion] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

---

one-year statute of limitations.") (citing *Day*, *id.*); *see also Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) ("[T]he principles developed in habeas cases also apply to Section 2255 motions.") (citation omitted).



AO 72A
(Rev.8/82)

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that the § 2255 motion is untimely. If the District Court adopts this recommendation and denies a COA, Movant is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## IV. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that: (1) the § 2255 motion, [Doc. 25], be **DISMISSED** as untimely; (2) a COA be **DENIED**; and (3) civil action number 1:17-cv-1845-WSD-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 7th day of June, 2017.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)